The Honorable Marsha J. Pechman

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THE ELECTRONIC REYCLING ASSOCIATION OF ALBERTA d/b/a ELECTRONIC RECYCLING ASSOCIATION, a Canadian non-profit corporation, | Case No. 2:18-cv-1601 |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| BASEL ACTION NETWORK, a Washington non-profit corporation, and JAMES PUCKETT, an individual, | |
| Defendants. | |

1.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. CONFIDENTIAL DESIGNATIONS

   a. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Sensitive Personal Information and Confidential Business Information, as defined below.

"Sensitive Personal Information" means the following identifying information: (a) names, addresses, phone numbers, and e-mail addresses of ERA and BAN customers; (b) Social Security numbers; (c) sensitive health-related data including medical records, (d) biometric identifiers; (e) date of birth; (f) driver's license or other state identification numbers, or foreign equivalents; (g) military identification numbers; (h) passport numbers; (i) financial institution account numbers; (j) credit or debit card numbers; or (k) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

"Confidential Business Information" means (i) any individual or aggregated financial data, analyses, or information; or (ii) proposals or suggestions for past or present products, past or current business practices, or past or current overall strategy for the business as a whole and/or any of its units, provided that such data, analyses, or information described in parts (i) and (ii) is not generally known and/or which the Parties would normally not reveal to third parties or would require third parties to maintain in confidence because the producing Party reasonably believes that such data, analyses, or information might be injurious to the producing Party's business interests.

   b. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" - MATERIAL

"Highly Confidential – Attorneys Eyes Only" material means (i) individual or aggregated customer or business data, analyses, or information; (ii) trade secrets, (iii) proposals or suggestions for future products, future business practices, or overall strategy for the business as a whole and/or any of its units or (iv) highly confidential research, development, business or commercial information, provided that such data, analyses, or information described in parts (i) through (iv) is not generally known and/or which the Parties would normally not reveal to third parties or would

require third parties to maintain in confidence, where the producing Party reasonably believes that the disclosure of such data, analyses, or information described in parts (i) through (iv) to another Party or Non-Party would create a substantial risk of serious harm to the producing Party's business interests.

3. <u>SCOPE</u>

The protections conferred by this agreement cover not only Confidential and Highly Confidential – Attorneys Eyes Only material (as defined above), but also (1) any information copied or extracted from Confidential or Highly Confidential – Attorneys Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential or Highly Confidential – Attorneys Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Highly Confidential – Attorneys Eyes Only material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. <u>ACCESS TO AND USE OF DESIGNATED MATERIAL</u>

4.1 <u>Basic Principles</u>. A receiving party may use Confidential or Highly Confidential – Attorneys Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential and Highly Confidential – Attorneys Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential and Highly Confidential – Attorneys Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2.a <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as agents or employees of counsel who are assisting with the litigation and to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(f) the author or recipient of a document containing the information, an employee, officer, or director of the corporate party that produced a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

4.2.b <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Highly Confidential – Attorneys Eyes Only material only to:

(a) the receiving party's outside counsel of record in this action, as well as agents or employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

4

(b) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court, court personnel, and court reporters and their staff;

(d) copy or imaging services retained by counsel to assist in the duplication of Highly Confidential – Attorneys Eyes Only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Highly Confidential – Attorneys Eyes Only material to third parties and to immediately return all originals and copies of any Highly Confidential – Attorneys Eyes Only material;

(e) the author or recipient of a document containing the information, an employee, officer, or director of the corporate party that produced a document containing the information, or a custodian or other person who otherwise possessed or knew the information; and

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions.

4.3 <u>Filing Designated Material</u>. The burden of demonstrating that any specific information or document is Confidential or Highly Confidential – Attorneys Eyes Only is on the party claiming its confidentiality, even if the objecting party files a motion to challenge the designation of confidentiality. Upon reasonable notice and request by a filing party, the designating party shall meet and confer with the filing party, in accordance with Local Civil Rule 5(g)(3)(A), at least one day in advance of a filing that contains, discusses, or references Confidential or Highly Confidential – Attorneys Eyes Only material to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. A party who seeks to maintain the confidentiality of its

information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material and must affix the words "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" to each page that contains Highly Confidential - Attorneys Eyes Only material. If

only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential – Attorneys Eyes Only. If a party or non-party desires to protect Confidential or Highly Confidential – Attorneys Eyes Only information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Except as addressed in Section 4.3, which controls the timing and sequence of confidentiality challenges for court filings, any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does

not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding Confidential or Highly Confidential – Attorneys Eyes Only designations without court involvement. Any motion regarding Confidential or Highly Confidential – Attorneys Eyes Only designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

  6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, other than the in the circumstances addressed in Section 4.3, which controls the timing and sequence of confidentiality for court filings, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as Confidential until the Court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," that party must:

  (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Highly Confidential – Attorneys Eyes Only material may be affected, including not producing the designating party's documents absent a court order to do so if that party objects to disclosure, provided that the designating party moves for relief within seven (7) days of receiving the notice under 7(a).

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential – Attorneys Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in the Parties' Agreement Regarding Discovery of Electronically Stored Information and Order. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential and Highly Confidential – Attorneys Eyes Only material to the

producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: January 16, 2019

*/s/ J. Douglas Baldridge*
J. Douglas Baldridge, WSBA No. 37247
Venable LLP
600 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Email: jdbaldridge@venable.com

*Attorney for Plaintiff The Electronic Recycling Association of Alberta d/b/a Electronic Recycling Association*

*/s/ Bruce E. H. Johnson*
Bruce E.H. Johnson, WSBA No. 7667
Caesar Kalinowski, WSBA No. 52650
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: (206) 662-3150
Facsimile: (206) 757-7700
Email: brucejohnson@dwt.com
Email: caesarkalinowski@dwt.com

*Attorneys for Defendants Basel Action Network and James Puckett*

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED:   January 17, 2019

_____
Marsha J. Pechman
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *The Electronic Recycling Association of Alberta v. Basel Action Network and James Puckett*, No. 2:18-cv-1601-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I also understand that I am to retain all of the materials that I receive containing Confidential or Highly Confidential – Attorneys Eyes Only material in a secure place in a manner consistent with the Stipulated Protective Order.

I will return all Confidential and Highly Confidential – Attorneys Eyes Only material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12

PROTECTIVE ORDER
2:18-cv-1601